**Robert Lee WALZER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. A14–91–00391–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

Feb. 27, 1992.

Von H. Shelton, Angleton, for appellant.

Kelly McClendon, Angleton, for appellee.

Before J. CURTISS BROWN, SEARS and ELLIS, JJ.

## OPINION

ELLIS, Justice.

Appellant, Robert Lee Walzer, appeals his judgment of conviction for the offense of felony theft. TEX.PENAL CODE ANN. § 31.03 (Vernon Supp.1992). The jury rejected appellant's not guilty plea and the court after finding the two enhancement paragraphs of the indictment to be true, assessed punishment at thirty-eight (38) years confinement in the Institutional Division of the Texas Department of Criminal Justice. We affirm.

In his sole point of error appellant asserts that the trial court erred when he denied his requested instruction on the defensive theory of independent impulse.

Appellant was charged by indictment with the offense of robbery in count one and felony theft in count two. The State abandoned the robbery count and proceeded to trial on the felony theft charge. The evidence introduced during the guilt-innocence stage of the trial demonstrated that appellant and two cohorts stole approximately $3,800 from Edmond Baker in an attempted "pigeon drop scheme."

One November 27, 1990, appellant borrowed his step-daughter's car and drove Frank Smith, Willie Ratliff and Albert Thomas from Houston to Lake Jackson, Texas. According to appellant, their intent was to commit a theft. They were going to try to swindle someone out of some money by doing a pigeon drop. Appellant had participated in this type of scheme before. They went to the credit union where Frank Smith left the car and they approached Edmond Baker. Smith eventually got in the car with Baker who drove him to a fast food restaurant. The others followed in appellant's car. Willie Ratliff then got out of the car and went over to them to help set up the swindle. The scheme failed and Smith and Ratliff forcefully took Baker's money bag from him. The bag contained a little over $3,800. According to appellant, Smith and Ratliff simply ran back to the car a short time after arriving at the restaurant. Appellant asked them how they did because he wanted his share of the proceeds since he had driven them down from Houston.

■ Appellant timely requested that the following instruction to be included in the court's charge to the jury.

If there was no such common design and intent of all, including the defendant, to commit the offense, or if the offense, if any was committed by one or more, acting independently of the defendant in so doing and without participation by him in the design and intent to commit it, then the Defendant is not guilty, and if you have a reasonable doubt as to this issue, you must give the defendant the benefit of the doubt and acquit him.

The trial court refused the requested instruction. The case was submitted to the jury on the theory that appellant was party to the theft. The charge included instructions on the law of parties, and the application paragraph charged, in relevant part,

Now if you find from the evidence beyond a reasonable doubt that in Brazoria County, Texas, on or about the 27th day of November, 1990, the defendant, Robert Lee Walzer, acting with intent to promote or assist the commission of the offense of theft did then and there solicit or encourage or direct or aid or attempt to aid Willie Ratliff or Frank Smith did then and there unlawfully, intentionally or knowingly appropriate, by acquisition or by exercising control [of], property other than real property, namely, money owned by Edmond Baker, Jr. hereinafter referred to as Complainant, without the effective consent of Complainant and with intent to deprive the Complainant of said property, said property having a val-

ue of more than Seven Hundred Fifty ($750.00) Dollars and less than Twenty Thousand and No/100 ($20,000.00) Dollars, then you will find the defendant guilty as charged.

The charge adequately delineated criminal responsibility as applicable to the facts of this case.

■■■ The theory of "independent impulse" recognizes "that an accused, though he was admittedly intent on *some* wrongful conduct, nevertheless did not contemplate the extent of criminal conduct actually engaged in by his fellows, and thus cannot be held vicariously responsible for their conduct." *Mayfield v. State*, 716 S.W.2d 509, 513 (Tex.Crim.App.1986). If the evidence raises a *question* whether the offense actually committed was committed in furtherance of the object felony, or was one which could have been anticipated, then the jury should be charged on the theory of independent impulse. *Mayfield v. State*, 716 S.W.2d at 515. Such a charge permits the jury to acquit an accused if he did not, and reasonably could not have, anticipated commission of the actual offense. *Givens v. State*, 749 S.W.2d 954, 959–60 (Tex.App.—Fort Worth 1988, pet. ref'd).

We find that appellant was not entitled to the submission of the theory of independent impulse in this case. Appellant was a party to a theft, not to a robbery. In the instant case there was an identity of the object offense and the actual offense: a theft was contemplated and a theft was completed. The trial court properly denied appellant's requested instruction.

Accordingly, the judgment of the trial court is affirmed.