TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-97-00713-CR






Scott James Zywicki, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF BELL COUNTY, 27TH JUDICIAL DISTRICT


NO. 45,084, HONORABLE MARTHA J. TRUDO, JUDGE PRESIDING






 Appellant Scott James Zywicki appeals from his conviction for the offense of
murder. See Tex. Penal Code Ann. § 19.02(b) (West 1994). Pursuant to a plea agreement with
the State, appellant pleaded guilty to murder as a party. See id. § 7.02(b). The trial court
assessed punishment at twenty-two years' imprisonment. In four points of error, appellant
complains that: (1) his guilty plea was obtained in violation of his right to due process and due
course of law; (2) his guilty plea was obtained in violation of his right to the effective assistance
of counsel; (3) the plea agreement was void; and (4) the trial court failed to properly admonish him
before accepting his plea. We will affirm the judgment of conviction.


FACTUAL AND PROCEDURAL BACKGROUND


 Appellant and Gilbert Cavazos were soldiers in the U.S. Army and roommates
living in the barracks at Fort Hood, near Killeen. On November 17, 1994, the two attended a
going-away party at a nightclub in the nearby town of Harker Heights. The events ensuing that
night resulted in the return of murder indictments against both appellant and Cavazos. Appellant
testified for the prosecution at Cavazos's murder trial, revealing the details of that night as
follows. (1)

 At some point during the celebration, appellant was ejected from the club by
"bouncers." Shortly thereafter, an altercation involving a crowd of bar patrons migrated from
inside the club to the parking lot outside. Appellant and Cavazos were present during the
disagreement, and angry words were exchanged by all. Appellant recalled Cavazos pointing out
William Wilson as the person responsible for appellant's initial removal from the club. After
police officers arrived and quieted the scene, Wilson went back inside while Cavazos and appellant
decided to return to appellant's truck. The two agreed to wait for Wilson to emerge from the club
so they could start a fight with him. After they had waited over an hour, Wilson left the club in
his truck, with appellant and Cavazos following in appellant's truck. Wilson eventually stopped
at a gas station while the two waited for him again, this time in the parking lot of a nearby bank.

 While waiting for Wilson the second time, Cavazos suggested using appellant's deer
rifle to fire a shot in hopes of scaring Wilson into stopping so they could fight with him. (2) 
Appellant agreed to this plan. When Wilson left the gas station, appellant and Cavazos resumed
following. As appellant drove, Cavazos loaded the gun, leaned it out the window, and placed it
in the crook of his arm pointed in an upward direction. The parties approached an intersection,
where Wilson turned right. Appellant then heard a shot fired, but claims he did not see Cavazos
actually fire the weapon and never observed Cavazos point the rifle in Wilson's direction. After
the shot, appellant noticed Wilson's truck rolling forward and to the left. At this point, he thought
"something must be wrong." Cavazos told appellant to "get out of here," and they left the scene.

 A few days later, Cavazos and appellant met to concoct a story to avoid detection. 
Appellant recounted this story when he was later questioned by Army CID officers; after failing
a polygraph exam, however, appellant confessed and gave a written statement.

 Appellant and Cavazos were both indicted for Wilson's murder. Appellant agreed
to testify for the prosecution at his co-defendant's trial. Thereafter, appellant entered into a plea
arrangement with the State whereby he agreed to plead guilty as a party to murder. Following a
punishment hearing, the trial judge assessed punishment at twenty-two years' imprisonment, a
$5,000 fine, and restitutionary payments.


DISCUSSION



Inconsistent Positions by the State

 In his first point of error, appellant contends his guilty plea was obtained in
violation of his right to due process and due course of law guaranteed under the Fourteenth
Amendment to the United States Constitution and article I, section 19 of the Texas Constitution. 
Appellant's complaint is based on his assertion that the position taken by the State during
Cavazos's trial is inconsistent with the State's position in appellant's subsequent prosecution.

 Appellant asserts that during the Cavazos trial, the prosecutor took the unequivocal
position that appellant did not intend to kill Wilson and was unaware of Cavazos's intention to do
so. With respect to the proceeding against appellant, however, the same prosecutor would not
accept a plea to a lesser included offense, but insisted that appellant either plead guilty as a party
to murder or go to trial on the murder charge. Appellant contends these actions are entirely
inconsistent. He urges this Court to find that he cannot be guilty of murder under the State's
original theory and, therefore, prosecuting him as a party to murder was fundamentally unfair and
violated his right to due process and due course of law.

 In his brief in this appeal, appellant quotes statements made by the prosecutor
during various stages of the Cavazos trial and asserts that these statements establish the State's
position that he is not guilty of murder. We believe the prosecutor's statements may be divided
into five categories: (1) appellant's only intent was to scare Wilson; (2) appellant did not know
what Cavazos was thinking; (3) the two men had different mental states at the time of the murder;
(4) the conspiracy and the murder were two separate and distinct events; and (5) the intent of the
conspiracy did not automatically transfer to the offense committed. Because we find none of these
statements inconsistent with prosecuting appellant as a party to murder, we reject appellant's
contention. (3)

 Section 7.02(b) of the Penal Code provides:


 If, in the attempt to carry out a conspiracy to commit one felony, another
felony is committed by one of the conspirators, all conspirators are guilty of the
felony actually committed, though having no intent to commit it, if the offense was
committed in furtherance of the unlawful purpose and was one that should have
been anticipated as a result of the carrying out of the conspiracy.



Tex. Penal Code Ann. § 7.02(b) (West 1994).

 We agree that, during Cavazos's trial, the prosecutor agreed that appellant had no
intent to commit murder. However, this position does not conflict with the State's later position
that appellant is guilty of murder as a party. The law of parties specifically allows for guilt as a
party to a felony committed by a co-conspirator even though the accused party has no intent to
commit that felony. See id.; Johnson v. State, 853 S.W.2d 527, 542 (Tex. Crim. App. 1992)
(jury may convict for capital murder as a party even though accused did not intend murder); Snow
v. State, 721 S.W.2d 943, 949 (Tex. App.--Houston [1st Dist.] 1986, no pet.) (lack of intent to
kill not relevant to conviction under law of parties).

 Further, the prosecutor's statements implying that appellant lacked actual
knowledge of Cavazos's intent to murder do not conflict with the State's subsequent prosecution
of appellant. Under the plain language of section 7.02(b), to be guilty as a party appellant did not
have to know Cavazos intended to commit murder; his guilt is established if the offense of murder
is one that should have been anticipated as a result of carrying out the original conspiracy.

 Similarly, we are not persuaded by appellant's references to the State's opinion that
the two men had different mental states. When applying the law of parties, the State need not
prove that the co-conspirators had identical mental states. The State need only prove that the
felony committed was in furtherance of the underlying conspiracy and should have been
anticipated as a result of carrying out that conspiracy. See Penal Code § 7.02(b).

 We also are not convinced that the prosecutor took inconsistent positions simply
by arguing there were "two separate events." Section 7.02(b) clearly contemplates two separate
events--an underlying conspiracy to commit one felony, and a different felony actually committed
by one of the co-conspirators in furtherance of the underlying conspiracy. See id. The State never
argued that these separate events had no connection to each other. We believe the State could
consistently argue that although there were two separate events, the second event--murder--was
committed in furtherance of the first event--the conspiracy.

 Finally, appellant takes out of context the prosecutor's statements that the intent 
vis-a-vis the conspiracy does not automatically transfer over to the offense actually committed. 
The prosecution was arguing against Cavazos's request for a jury instruction on a lesser included
offense, explaining that even if Cavazos's initial intent was only to scare, this intent did not
automatically transfer to the murder. In this context, it is clear that the State was commenting on
Cavazos's intent to murder, not on appellant's possible guilt as a party to the murder.

 Appellant makes the related argument that he cannot be guilty as a party to murder
because the position advanced by the State at Cavazos's trial establishes the defense of
"independent impulse." (4) This theory recognizes that when prosecuting an accused as a party, the
evidence may show that the offense actually committed was one that could not have been
anticipated because it was the result of an "independent impulse" by the co-conspirator. See
Walzer v. State, 828 S.W.2d 123, 125 (Tex. App.--Houston [14th Dist.] 1992, no pet.) (citing
Mayfield v. State, 716 S.W.2d 509, 513 (Tex. Crim. App. 1986)); see also Givens v. State, 749
S.W.2d 954, 959-60 (Tex. App.--Fort Worth 1988, pet. ref'd). Appellant contends that the
prosecutor's statements show the murder was the "independent impulse" of Cavazos and that the
State therefore wrongfully took inconsistent positions as to appellant's guilt when it subsequently
prosecuted him for murder.

 As discussed in detail above, none of the prosecutor's statements concerned whether
the murder could have been anticipated. Thus, the State's position during the Cavazos trial does
not establish that appellant is not guilty to murder because of the defense of independent impulse.

 We conclude that none of the prosecutor's statements made during Cavazos's trial
are inconsistent with the subsequent prosecution of appellant for murder as a party. Accordingly,
we hold that appellant's rights to due process and due course of law were not violated. 
Appellant's first point of error is overruled.


Ineffective Assistance of Counsel

 In his second point of error, appellant claims his guilty plea was not knowingly,
intelligently, or voluntarily entered because it was obtained in violation of his right to the effective
assistance of counsel guaranteed under the Sixth and Fourteenth Amendments of the United States
Constitution and Article 1, section 10 of the Texas Constitution. We disagree.

 Texas has adopted the test found in Strickland v. Washington, 466 U.S. 668 (1984),
to determine claims of ineffective assistance of counsel. See Hernandez v. State, 726 S.W.2d 53,
56-57 (Tex. Crim. App. 1986). The benchmark for judging any claim of ineffectiveness is
whether counsel's conduct so undermined the proper functioning of the adversarial process that
the trial cannot be relied on as having produced a just result. See Butler v. State, 716 S.W.2d 48,
54 (Tex. Crim. App. 1986). A defendant seeking relief under Strickland must first show that
counsel's performance was deficient and then show that the performance prejudiced the defense. 
See id.

 The first prong of the Strickland test requires us to decide whether appellant has
demonstrated that counsel's performance was unreasonable under the prevailing professional
norms and that the challenged action was not sound trial strategy. Strickland, 466 U.S. at 688. 
An appellant must show that counsel made such serious errors that he "was not functioning as the
'counsel' guaranteed the defendant by the Sixth Amendment." Id. at 687. We presume that
defense counsel provided reasonable professional assistance, and the defendant must present proof
to overcome this presumption. See Jackson v. State, 877 S.W.2d 768, 771 (Tex. Crim. App.
1994). A strong presumption exists that counsel's actions might be considered sound trial
strategy. Id. Appellate courts will not speculate about counsel's trial strategy; an appellant may,
however, rebut the presumption of effectiveness by providing a record from which the court can
determine that trial counsel's performance was not based on sound strategy. (5) Id. at 771-72.

 In the context of guilty pleas, the first prong of Strickland remains substantially the
same; however, the "prejudice" prong is altered slightly. See Hill v. Lockhart, 474 U.S. 52, 58-59 (1985). The elements necessary to establish the involuntariness of a guilty plea based on
ineffective assistance of counsel have recently been clarified: (1) whether counsel's advice was
within the range of competence demanded of attorneys in criminal cases, and, if not, (2) whether
there is a reasonable probability that, but for the errors, defendant would not have pleaded guilty. 
See Ex parte Morrow, 952 S.W.2d 530, 536 (Tex. Crim. App. 1997).

 Appellant complains that his trial attorney erroneously led him to believe that
because he was with Cavazos when the murder was committed, he automatically was equally
guilty of murder under the law of parties. Appellant claims his attorney failed to explain that
under the theory of independent impulse, a person may be with someone who is committing a
crime and not be equally guilty of that crime. He states that because of his attorney's
misstatement, he felt he had no defense and no choice but to plead guilty. Appellant contends this
oversight resulted in ineffective assistance of counsel and claims he would have handled his case
differently had he been properly informed. Citing Ex parte Battle, 817 S.W.2d 81, 83 (Tex.
Crim. App. 1991), and In re E.Q., 839 S.W.2d 144, 147 (Tex. App.--Austin 1992, no writ),
appellant urges this Court to find that he was denied sufficient information to make an informed
choice and, consequently, that his plea was not voluntary.

 Appellant testified at the hearing on his motion for new trial that, based on his
understanding of independent impulse, since he was unaware of Cavazos's intent to murder, he
could assert "[t]he defense of not knowing what [Cavazos] was going to do." Apparently,
appellant misunderstands the theory of independent impulse. As explained above, the question of
independent impulse simply goes to whether the offense actually committed could have been
anticipated. See Mayfield, 716 S.W.2d at 513-14, Walzer, 828 S.W.2d at 125; see also Givens,
749 S.W.2d at 959-60. Thus, appellant need not have actual knowledge of Cavazos's intent to kill
to be guilty of murder under the law of parties. See Tex. Penal Code Ann. § 7.02(b) (West 1994). 
Appellant's trial counsel was not required to explain the "defense of not knowing what [Cavazos]
was going to do" because no such defense to section 7.02 exists.

 The record shows that, although counsel may not have used the term "independent
impulse" in explaining the law of parties to appellant, he did discuss the requirement of
foreseeability. Counsel testified at the hearing on appellant's motion for new trial that he
considered the foreseeability requirement under the law of parties and gave appellant his opinion
that, under the facts of this case, the jury might very well find the murder was a foreseeable
consequence of the underlying agreement. He testified he did consider the possibility of a jury
submission on independent impulse, but noted his concerns that either the submission would be
denied or, even if submitted, the jury would not enter a favorable finding on the issue given the
facts of the case.

 The record also contains evidence that counsel explained the law of parties to
appellant and expressed his opinion that appellant's chances before a jury were slim. Counsel also
discussed with appellant the possibility of lesser included offenses and attempted to obtain a plea
agreement with the prosecution on a lesser offense. Simply put, counsel offered legal advice as
to the propriety of entering into the plea agreement, informed appellant of the nature of his
potential criminal responsibility, and offered his legal opinion as to how a jury would react if the
case were tried.

 Although appellant's testimony at the hearing may have contradicted that of his trial
counsel, a trial court has broad discretion to consider the credibility of the witnesses in a hearing on
a motion for new trial and may consider the interest and bias of any witness, including that of the
defendant. See Valle v. State, 963 S.W.2d 904, 908 (Tex. App.--Texarkana 1998, pet. ref'd);
Dusenberry v. State, 915 S.W.2d 947, 949 (Tex. App.--Houston [1st Dist.] 1996, pet. ref'd). The
trial court is not required to accept the testimony of the accused or any defense witness as true, even
if that testimony is uncontradicted. See id. Because the trial court is in the position to evaluate the
credibility of the witnesses during a hearing on motion for new trial, this Court must view the
evidence in the light most favorable to the trial court's ruling. Cantu v. State, 930 S.W.2d 594, 597
(Tex. Crim. App. 1996). The decision on a motion for new trial is within the sound discretion of
the trial court and should not be reversed in the absence of an abuse of discretion. See State v.
Gonzalez, 855 S.W.2d 692, 696 (Tex. Crim. App. 1993).

 Finally, appellant complains that his trial counsel was ineffective in failing to
inform him that he could seek to judicially estop the State from asserting appellant's guilt as a
party in light of the prosecutor's previous unequivocal position to the contrary at Cavazos's trial. 
Having determined above that the State did not take contradictory positions in the prosecutions of
Cavazos and appellant, the doctrine of judicial estoppel was unavailable. Appellant's attorney did
not provide ineffective assistance of counsel by failing to inform appellant of an inapplicable
theory of law.

 We hold that appellant was not denied effective assistance of counsel with regard
to his guilty plea. Having so found, we hold that his plea was entered voluntarily. Appellant's
second point of error is overruled.


Plea Bargain Was Not Void

 In his third point of error, appellant urges this Court to reverse his conviction and
order a new trial based on his contention that the underlying plea agreement between himself and
the State was void. Specifically, appellant contends it was improper for the agreement to require
the trial court to make an affirmative finding that a deadly weapon had been used in the
commission of the offense. (6) Appellant argues that because he pleaded guilty under the law of
parties, the trial court was required to make a specific finding that either appellant himself used
or exhibited a weapon or that he knew that a deadly weapon would be used or exhibited. See Ex
parte Adkins, 767 S.W.2d 809, 810 (Tex. Crim. App. 1989); Travelstead v. State, 693 S.W.2d
400, 402 (Tex. Crim. App. 1985); Flores v. State, 690 S.W.2d 281, 283 (Tex. Crim. App. 1985). 
Because the plea agreement required only a general finding that a deadly weapon was used,
appellant asserts the plea agreement was void and his conviction must be reversed.

 The State contends appellant has waived his right to challenge the affirmative
finding on appeal. See Tex. R. App. P. 33.1(a) (as a prerequisite to presenting complaint on
appeal, appellant must have properly raised issue before trial court). The record shows that
appellant did not orally object to the affirmative finding when it was initially announced by the
trial court, nor did he raise the issue in his motion for new trial or any other post-judgment
motion. (7) Because this issue was not raised in the court below, we agree that appellant did not
preserve his complaint for appellate review.

 For purposes of error preservation, there are three categories of rights in our legal
system: (1) absolute requirements and prohibitions that cannot be waived or forfeited; (2) rights
of litigants that must be implemented unless affirmatively waived; and (3) rights of litigants that
are implemented upon request and can be forfeited by a failure to invoke them. See Marin v.
State, 851 S.W.2d 275, 278-79 (Tex. Crim. App. 1993); Ex parte Sims, 868 S.W.2d 803, 804
(Tex. Crim. App. 1993). The first category consists only of non-waivable, nonforfeitable
requirements, such as jurisdictional requirements. Marin, 851 S.W.2d at 279. Certain due
process violations have been recognized as so fundamental that appellate review is required even
if no objection was made at trial. See Skelton v. State, 655 S.W.2d 302, 304 (Tex. App.--Tyler
1983, pet. ref'd) (trial court's striking of three defense witnesses who testified to defendant's
character and reputation did not require objection); see also Howeth v. State, 645 S.W.2d 787,
788 (Tex. Crim. App. 1983) (court found fundamental error existed after reviewing sufficiency
of evidence sua sponte).

 Some rights are widely considered so fundamental to the proper functioning of our
adjudicatory process that they cannot be forfeited by inaction alone; these rights, which include
a defendant's rights to the assistance of counsel and to a jury trial, are within Marin's second
category. See Marin, 851 S.W.2d at 278-79; see also Tex. Code Crim. Proc. Ann. arts. 1.051(f),
(g), (h), 1.13 (West Supp. 1999).

 Most rights--and all procedural benefits, such as the right to a jury shuffle or a
peremptory challenge--fall into the third group. See Marin, 851 S.W.2d at 278. "It is well
settled that almost every right, constitutional and statutory, may be waived by the failure to
object." Smith v. State, 721 S.W.2d 844, 855 (Tex. Crim. App. 1986).

 Assuming, without deciding, that the affirmative finding at issue in this appeal was
improperly worded, we do not believe that Marin's first tier is implicated. This is neither a
jurisdictional error nor a due process violation so fundamental as to require appellate review in
the absence of an objection. Nor do we believe such a defect infringes on a right so widely
considered fundamental to the proper functioning of our adjudicatory process that it may not be
forfeited by inaction alone under Marin's second category. But even if the trial court's failure to
make a more specific finding does rise to Marin's second tier, appellant waived his complaint by
affirmatively agreeing to the finding he now contests. The record is clear that all parties, as part
of their negotiations, agreed to an affirmative finding that a gun "was used," with the
understanding that this finding would affect appellant's eligibility for parole.

 We believe the defect presented here falls within the third Marin category. Because
appellant did not object to this defect prior to this appeal, we may not address it on appeal,
whether as assigned or unassigned error. See Davis v. State, 956 S.W.2d 555, 560 (Tex. Crim.
App. 1997) (reversing court of appeals for considering unpreserved error on appeal when trial
court did not lack jurisdiction and conviction was not void). We overrule point of error three.


Failure to Admonish

 In his fourth point of error, appellant urges this Court to reverse his conviction and
order a new trial because the trial court failed to admonish him at the guilty plea proceeding as
required by article 26.13(a) of the Texas Code of Criminal Procedure. Because we find that no
harm resulted from the trial court's failure to admonish, we will not reverse appellant's conviction.

 Article 26.13(a) of the Texas Code of Criminal Procedure requires a trial court to
give a criminal defendant four admonishments prior to accepting a plea of guilty. Of relevance
to this appeal, subsection (a)(2) provides:


(a) Prior to accepting a plea of guilty or a plea of nolo contendere, the court shall
admonish the defendant of:


 ***


 (2) the fact that the recommendation of the prosecuting attorney as to the
punishment is not binding on the court. Provided that the court shall
inquire as to the existence of any plea bargaining agreements between the
state and the defendant, and in the event such an agreement exists, the
court shall inform the defendant whether it will follow or reject such
agreement in open court and before any finding on the plea. Should the
court reject any such agreement, the defendant shall be permitted to
withdraw his plea of guilty or nolo contendere.



Tex. Code Crim. Proc. Ann. art. 26.13(a)(2) (West 1989). Appellant complains he was not
properly admonished in that the court: (1) never inquired into the existence of a plea agreement;
(2) did not state whether the court would follow or reject the plea agreement; and (3) did not
inform him that if the court rejected the plea agreement, he would be permitted to withdraw his
plea. The State does not deny that the trial court failed to admonish appellant as required, but
argues that any error was harmless.

 Subsection (c) of article 26.13 provides that substantial compliance with the
required admonishments is sufficient unless the appellant "affirmatively shows that he was not
aware of the consequences of his plea and that he was misled or harmed by the admonishment of
the court." Tex. Code Crim. Proc. Ann. art. 26.13(c) (West 1989). Historically, decisions
addressing substantial compliance as applied to the complete failure to give an admonishment have
been "confusing." Cain v. State, 947 S.W.2d 262, 263 (Tex. Crim. App. 1997). In Whitten v.
State, 587 S.W.2d 156, 158 (Tex. Crim. App. 1979), the court of criminal appeals held that a trial
court may substantially comply with the statute even when an admonishment is entirely omitted
so long as the admonishment is immaterial under the facts of the case. In 1994, the court rejected
the Whitten approach, holding that complete failure to admonish constitutes reversible error. See
Morales v. State, 872 S.W.2d 753, 754-755 (Tex. Crim. App. 1994). In 1997, however, the court
modified its Morales approach and held that error arising from the complete failure to admonish
is subject to a harm analysis. See Cain, 947 S.W.2d at 264. (8) Consequently, we must determine
whether the trial court's failure to admonish harmed appellant. In making this determination, we
apply Rule 44.2 of the Texas Rules of Appellate Procedure.

 Rule 44.2 provides for two possible categories of error. Under the first tier, if the
error rises to the level of "constitutional error," the reviewing court must reverse the conviction
unless the court can determine beyond a reasonable doubt that the error did not contribute to the
conviction. Tex. R. App. P. 44.2(a). All other error (i.e., not constitutional error) must be
disregarded unless it affected the "substantial rights" of the appellant. Tex. R. App. P. 44.2(b).

 We do not believe the failure to admonish, under the particular facts of this appeal,
is of constitutional magnitude for a number of reasons. First, appellant does not argue that any
of his constitutional rights were violated or that his plea was rendered involuntary by this
omission. Second, rather than having its basis rooted either in the state or federal constitution,
the admonishment requirement is purely statutory. Third, with respect to the similar guilty-plea
admonishments required by federal law, error is reviewed under a non-constitutional "substantial
rights" standard strikingly similar to Rule 44.2(b). See Fed. R. Crim. P. 11(h) ("Any variance
from the [admonishments] required by this rule which does not affect substantial rights shall be
disregarded."). Thus, our inquiry turns to whether the failure to admonish affected appellant's
"substantial rights." (9)

 The purpose of the article 26.13 admonishments is to ensure that the accused does
not plead guilty without a full understanding of the charges against him and the consequences of
his plea. See Basham v. State, 608 S.W.2d 677, 678 (Tex. Crim. App. 1980); Delatorre v. State,
957 S.W.2d 145, 152 (Tex. App.--Austin 1997, pet. ref'd). Appellant complains of the trial
court's failure to specifically inquire into the existence of the plea agreement; however, it is
undisputed that the parties and the trial judge were aware of the plea agreement. The agreement
was referred to by the parties during the hearing at which appellant entered his plea, and the trial
judge acknowledged at the later sentencing hearing that she would follow the plea agreement. 
Thus, we are convinced that the trial court's oversight in not formally inquiring into the existence
of a plea could not have affected appellant's understanding of the consequences of the plea. 
Similarly, because the trial court ultimately accepted the agreement, we are unable to see how
formally stating whether the court would follow or reject the plea agreement, and informing
appellant of his right to withdraw his plea should the court reject the agreement, could have
affected appellant's understanding of his plea.

 Indeed, appellant does not argue that the trial court's omissions misled him as to
the consequences of his plea. Rather, he urges this Court to find harmful error based on his belief
that, had a more thorough inquiry into the plea agreement been made in connection with the
admonishments, the trial court would have discovered that the agreement improperly required an
affirmative finding of use of a deadly weapon. Having discovered the agreement was
unenforceable, the argument goes, the trial court could have so advised appellant, who then might
have changed his plea.

 As discussed above, we are not faced with a situation where the trial court was
unaware that the parties had entered into a plea arrangement. The record shows that the judge was
not only aware of the agreement, but indicated she would adhere to it. The complained-of error
here is the failure to specifically inquire into the existence of a plea the trial court was already
fully aware existed. It is pure speculation to argue that had the judge specifically inquired into the
existence of the plea, she would have discovered the asserted defect.

 Our review of the record as a whole convinces us that the trial court's failure to
admonish did not affect appellant's decision to plead guilty or his understanding of his plea. 
Accordingly, we hold that the omission did not affect appellant's "substantial rights" under Rule
44.2(b), and we must disregard the error. Cf. Ruchuig v. State, 972 S.W.2d 170, 176 (Tex.
App.--Waco 1998, no pet.) (failure to admonish as to applicable range of punishment harmless
under rule 44.2(b) where appellant aware of punishment range); Raney v. State, 958 S.W.2d 867,
875 (Tex. App.--Waco 1997, no pet.) (failure to admonish as to deportation consequences did not
affect "substantial rights" where deportation not possible consequence of plea by U.S. citizen). 
Point of error four is overruled.

CONCLUSION


 Having overruled appellant's points of error, we affirm the judgment of conviction.



 

 J. Woodfin Jones, Justice

Before Chief Justice Aboussie, Justices Jones and B. A. Smith

Affirmed

Filed: February 19, 1999

Do Not Publish

1. The record of appellant's testimony from Cavazos's trial was admitted into evidence in this
cause at the hearing on appellant's motion for new trial.
2. The record indicates the plan was either to fire a shot into the air or at Wilson's truck.
3.   Based on our conclusion that the prosecutor in this case did not take inconsistent positions,
we need not address the broader legal question of whether the taking of inconsistent positions in
the trial of two different defendants may constitute a violation of due process or due course of law.
4. Although the parties disagree as to whether "independent impulse" is properly characterized
as a "defense," this determination is not necessary to the outcome of our decision, and we decline
the parties' invitation to address the question.
5. The record in this appeal contains appellant's motion for new trial raising the ineffectiveness
issue, and a transcript of the hearing on that motion, from which we may discern whether he has
rebutted the presumption of effectiveness.
6. The importance of the affirmative finding stems from a limitation on parole eligibility
applicable to judgments containing such an affirmative finding. See Tex. Gov't Code Ann.
§ 508.145(d) (West 1998).
7. The final judgment indicating the affirmative finding was signed on March 4, 1996, the
same date as the court's oral on-the-record finding. Appellant's motion for new trial was filed on
March 21, 1996. Therefore, appellant had notice of the alleged error before filing his motion.
8. We are aware that Cain concerned the fourth admonishment requirement under article
26.13(a), while the case at bar concerns the second. We do not believe the court of criminal
appeals intended to distinguish between the four article 26.13(a) admonishments in the context of
harm analysis. In fact, the court recently remanded a case involving failure to give the first
admonishment, holding the lower court failed to apply a harm analysis as mandated by Cain. See
High v. State, 964 S.W.2d 637, 638 (Tex. Crim. App. 1998).
9. At least one recent opinion by another appellate court agrees with our conclusion that failure
to admonish is not constitutional error under certain facts. See Ruchuig v. State, 972 S.W.2d 170,
176 (Tex. App.--Waco 1998, no pet.) (failure to admonish as to applicable range of punishment
subject to subsection (b) analysis where appellant aware of punishment range). But cf. Anders v.
State, 973 S.W.2d 682, 685 (Tex. App.--Tyler 1997, pet. ref'd), cert. denied, 119 S. Ct. 265
(1998) (failure to inform of punishment range implicated constitutional issues).


-family: CG Times Regular"> Our review of the record as a whole convinces us that the trial court's failure to
admonish did not affect appellant's decision to plead guilty or his understanding of his plea. 
Accordingly, we hold that the omission did not affect appellant's "substantial rights" under Rule
44.2(b), and we must disregard the error. Cf. Ruchuig v. State, 972 S.W.2d 170, 176 (Tex.
App.--Waco 1998, no pet.) (failure to admonish as to applicable range of punishment harmless
under rule 44.2(b) where appellant aware of punishment range); Raney v. State, 958 S.W.2d 867,
875 (Tex. App.--Waco 1997, no pet.) (failure to admonish as to deportation consequences did not
affect "substantial rights" where deportation not possible consequence of plea by U.S. citizen). 
Point of error four is overruled.

CONCLUSION


 Having overruled appellant's points of error, we affirm the judgment of conviction.



 

 J. Woodfin Jones, Justice

Before Chief Justice Aboussie, Justices Jones and B. A. Smith

Affirmed

Filed: February 19, 1999

Do Not Publish

1. The record of appellant's testimony from Cavazos's trial was admitted into evidence in this
cause at the hearing on appellant's motion for new trial.
2. The record indicates the plan was either to fire a shot into the air or at Wilson's truck.
3.   Based on our conclusion that the prosecutor in this case did not take inconsistent positions,
we need not address the broader legal question of whether the taking of inconsistent positions in
the trial of two different defendants may constitute