Kenneth Bernard GIVENS, Appellant,

v.

The STATE of Texas, State.

No. 2–87–038–CR.

Court of Appeals of Texas,
Fort Worth.

May 11, 1988.

Robert McCrarey, Fort Worth, for appellant.

Tim Curry, Criminal Dist. Atty., with C. Chris Marshall, Delonia A. Watson, Robert Gill, and Gary Medlin, Asst. Criminal Dist. Attys., Fort Worth, for State.

Before FENDER, C.J., and FARRIS and LATTIMORE, JJ.

## OPINION

FENDER, Chief Justice.

Appellant, Kenneth Bernard Givens, appeals from a conviction by a jury for murder. *See* TEX.PENAL CODE ANN. sec. 19.02 (Vernon 1974). The jury assessed punishment at life imprisonment in the Texas Department of Corrections.

We affirm.

On January 4, 1985, Officer Matthews of the Arlington Police Department was dispatched to Possum's convenience store to make a "welfare check." Upon arrival he discovered the body of Dudley, a store employee, in the storeroom. Dudley had been struck in the back of the head with a pickax which was still embedded in his head.

Appellant and his co-defendant, Ray Anthony Jennings, were arrested based on the investigation of the Arlington Police Department. Appellant raises twelve points of error on appeal.

■ Appellant contends in his first seven points of error that the evidence was insufficient to establish his guilt under any theory of law advanced by the State, i.e., murder, party to murder, conspiracy. Thus, the trial court also erred in overruling appellant's motions for instructed verdict, and in allowing the charge to include instructions on the law of parties and conspiracy because these two theories were based on insufficient evidence.

In reviewing the sufficiency of the evidence point, we must view the evidence in the light most favorable to the verdict. *See Flournoy v. State*, 668 S.W.2d 380, 383 (Tex.Crim.App.1984). The critical inquiry is whether, after so viewing the evidence, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Bonham v. State*, 680 S.W.2d 815, 819 (Tex.Crim.App.1984), *cert. denied*, 474 U.S. 865, 106 S.Ct. 184, 88 L.Ed.2d 153 (1985); *Wilson v. State*, 654 S.W.2d 465, 471 (Tex.Crim.App.1983) (opinion on reh'g). The same standard of review applies when reviewing a denial of motion for instructed verdict. *Williams v. State*, 680 S.W.2d 570, 575 (Tex.App.—Corpus Christi 1984, pet. ref'd).

A person is criminally responsible as a party to an offense if the offense is committed by his own conduct, by the conduct of another for which he is criminally responsible, or by both. TEX.PENAL CODE ANN. sec. 7.01(a) (Vernon 1974). A person is criminally responsible for an offense committed by the conduct of another if acting with intent to promote or assist the commission of the offense, he solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense. TEX.PENAL CODE ANN. sec. 7.02(a)(2) (Vernon 1974). A person is also criminally responsible if, in the attempt to carry out a conspiracy to commit one felony, another felony is committed by one of the conspirators. TEX.PENAL CODE ANN. sec. 7.02(b). All conspirators are guilty of the felony actually committed, though having no intent to commit it, if the offense was committed in furtherance of the unlawful purpose and was one that should have been anticipated as a result of the carrying out of the conspiracy. *Id.*

At trial, the State introduced appellant's pretrial statement into evidence. In the statement, appellant admitted to conspiring with Ray Anthony Jennings to rob Possum's convenience store. The statement further disclosed that: (1) on the evening of January 3, 1985, appellant and Jennings forced Dudley to open the safe in the storeroom of Possum's; (2) Jennings instructed the victim to lay face down on the floor; (3) appellant and Jennings argued back and forth about whether Dudley called Jennings by name; (4) Jennings told appellant that "[i]t's either him or me"; (5) Jennings told appellant to take the money to the car; and (6) while standing at the front door, appellant heard a "thump noise" coming from the back storeroom. Other testimony established that the victim was discovered lying face down on the floor of the back room in Possum's with a pickax still embedded in the back of his head.

In viewing the direct and circumstantial evidence of the case in the light most favorable to the prosecution, we find a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Points of error one through seven are overruled.

Appellant next asserts that the trial court erred in overruling his motion for mistrial because the State failed to disclose exculpatory evidence. The exculpatory evidence relates to a statement by a witness, Webster, indicating he had seen the victim alive some time after the instant offense occurred. Appellant did file a motion for exculpatory evidence, but the State did not produce Webster's statement in response to defense counsel's motion.

 The suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution. *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). However, if the prosecutor opens his files for examination by defense counsel, he fulfills his duty to disclose exculpatory evidence. *Diaz v. State*, 722 S.W.2d 482, 490 (Tex.App.–San Antonio 1986, pet. granted). Also, if the defense counsel actually knew the facts which were withheld, the accused is not entitled to relief based on the State's failure to disclose the same facts. *Means v. State*, 429 S.W. 2d 490, 494 (Tex.Crim.App.1968). Furthermore, if the accused received the material in time to put it to effective use at trial, his conviction should not be reversed simply because it was not disclosed as early as it might or should have been. *United States v. McKinney*, 758 F.2d 1036, 1050 (5th Cir. 1985).

 In the case at bar, the prosecutor testified at the hearing on the motion for mistrial, that the State's file in both this case and in the companion case were available for discovery and inspection by defense counsel. Defense counsel testified that he had not asked the prosecutor if he could review the file. By using due diligence, defense counsel could have reviewed the State's file before the trial and discovered the statement. Nevertheless, appellant discovered the statement early enough to make use of it at trial; it was introduced into evidence and read in the presence of the jury. Appellant's point of error eight is overruled.

In point of error nine, appellant urges that the trial court erred in denying his motion to dismiss the indictment for failure to provide a speedy trial as provided by federal and state constitutions as well as article 32A.02 of the Texas Code of Criminal Procedure. Although the Texas Court of Criminal Appeals has recently declared the Texas Speedy Trial Act unconstitutional, *Meshell v. State*, 739 S.W.2d 246 (Tex. Crim.App.1987), appellant's contention can be resolved under the authority of state and federal constitutional law. The leading case is *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). In *Barker*, the Supreme Court adopted four factors to be considered in determining whether a defendant's sixth amendment rights to a speedy trial have been violated: (1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of his right; and (4) the prejudice to the defendant. *Id.*, 407 U.S. at 530, 92 S.Ct. at 2192, 33 L.Ed.2d at 117.

 Applying the four-prong balancing test to the facts of this appeal, it is clear appellant was not denied a speedy trial. First, looking to the delay factor alone, appellant was arrested on January 19, 1985, and appellant went to trial on January 21, 1987. No precise length of delay automatically constitutes a violation of the rights to a speedy trial; however, delays ranging anywhere from fifteen months to five years have been held not violative of speedy trial rights. *Grayless v. State*, 567 S.W.2d 216, 220 (Tex.Crim. App. [Panel Op.] 1978); *Harris v. State*, 489 S.W.2d 303, 308 (Tex.Crim.App.1973).

As for the reasons for delay, appellant claims it was an attempt on the part of the

State to make appellant a witness at the trial of Ray Anthony Jennings, but appellant fails to offer evidence in support of his claim.

Appellant was arrested and charged with the offense of capital murder on January 19, 1985; he was indicted in Cause Number 0248937A on May 2, 1985. In exchange for his plea of guilty to the offense of aggravated robbery with serious bodily injury and his promise to testify at the trial of Jennings, the State offered to recommend a punishment of twenty years imprisonment. However, the original indictment did not allege the offense of aggravated robbery with serious bodily injury; therefore, a new indictment, Cause Number 0275514R, was filed on February 18, 1986. On April 4, 1986, appellant pled guilty in Cause Number 0275514R with the trial court electing to follow the district attorney's recommendation but deferring sentencing.

Subsequently, appellant refused to testify pursuant to the plea bargain at Jennings's trial. The trial court then sentenced appellant to ninety years imprisonment. Appellant's motion for new trial was granted on December 5, 1986. The State proceeded to trial on the first indictment, Cause Number 0248937A on January 21, 1987.

The State announced ready within 120 days after appellant was arrested and throughout the interim until the actual trial. Moreover, appellant had a trial on April 4, 1986, and would not have needed a second one, but for his refusal to honor the plea bargain agreement. We conclude the record does not reflect a deliberate attempt by the State to delay the trial in order to procure appellant as a witness at Jenning's trial.

Appellant did successfully assert his right to a speedy trial by filing two pro se motions to dismiss Cause Number 0248937A, filing a motion to dismiss Cause Number 0275514R, and filing a motion to quash the indictment. But appellant has not demonstrated how he was prejudiced by the delay. Appellant was released on bond for a portion of the delay so that the pretrial incarceration was not for the full period. Appellant also was accorded a trial before his co-defendant. Point of error nine is overruled.

In points of error ten, eleven, and twelve, appellant argues that the trial court erred in overruling his objections to the charge with respect to the law of parties, the theory of conspiracy, and the application of law to the facts. Defense counsel objected to the inclusion of the charge on the law of parties and on the theory of conspiracy because it included "both paragraphs and all three allegations under each paragraph in the same paragraph ... [resulting in] six different ways to make the offense." Defense counsel also objected to the inclusion of the charge on parties and on conspiracy because "it alleges a manner and means of committing the offense, which was not alleged in the indictment." Defense counsel then contended that the jury instruction on independent impulse impermissibly shifted the burden of proof as to appellant's anticipation of the murder.

In order to preserve error, the objection at trial must comport with the complaint subsequently raised on appeal. *Goodman v. State*, 701 S.W.2d 850, 864 (Tex.Crim.App.1985). Appellant failed to cite to the record with respect to his point of error ten which asserts that the charge failed to properly apply the law to the facts. Nor, after reviewing the record, do we find any such objection made at trial. Therefore, appellant has failed to perfect his point of error ten and has waived it. *See Thiel v. State*, 676 S.W.2d 593, 594 (Tex.Crim.App.1984) (opinion on reh'g).

If the evidence supports a charge on the law of parties, as it does here, the trial court may charge on the law of parties even though there is no such allegation in the indictment. *See Pitts v. State*, 569 S.W.2d 898, 900 (Tex.Crim.App. 1978). The theory of conspiracy, like the theory of parties to an offense, is an alternative theory of criminal responsibility for

the conduct of another. *See* TEX. PENAL CODE ANN. sec. 7.02(a)(2). Under both of these theories, the fact that appellant did not participate in the actual murder is immaterial. *See Gutierrez v. State*, 681 S.W. 2d 698, 703 (Tex.App.—Houston [14th Dist.] 1984, pet. ref'd). Likewise, we hold a trial court may charge the jury on the law of criminal responsibility for the conduct of another as a co-conspirator to the offense even though there is no such allegation in the indictment. *Compare Flores v. State*, 681 S.W.2d 94, 97–98 (Tex.App.—Houston [14th Dist.] 1984), *aff'd*, 690 S.W.2d 281 (Tex.Crim.App.1985).

■ A jury charge should instruct the jury as to the law applicable to every theory within the scope of the indictment which is established by the evidence, whether favorable to the State or the accused. *Goodwin v. State*, 694 S.W.2d 19 (Tex.App.—Corpus Christi 1985, pet. ref'd). A review of appellant's points of error one through five establishes that there was sufficient evidence to support the inclusion of a charge on murder, party to murder, and conspiracy.

Appellant's final objection to the charge goes to the language used in the instruction on independent impulse, but does not challenge the inclusion of the theory in the charge. The trial court charged the jury as follows:

[Paragraph 9]

Therefore, if you believe beyond a reasonable doubt that on or about the 4th day of January of 1985, in Tarrant County, Texas, that Ray Jennings intentionally or knowingly caused the death of an individual James Henry Dudley, Jr., or with intent to cause serious bodily injury to James Henry Dudley, Jr. committed an act clearly dangerous to human life by hitting or striking him with a deadly weapon, to-wit: a mattock, commonly called a pick-ax, that in the manner of its use and intended use was capable of causing death or serious bodily injury, but you further find that there was not a common design and intent of both Ray Jennings and Kenneth Bernard Givens to commit the offense of murder of James Henry Dudley, Jr. or if you find that the murder of James Henry Dudley, Jr. was committed by Ray Jennings who was acting independently of Kenneth Bernard Givens and that the murder of James Henry Dudley, Jr. was not done in furtherance of the conspiracy to rob James Henry Dudley, Jr. or *that Kenneth Bernard Givens should not have anticipated the murder of James Henry Dudley Jr. as a result of the carrying out of the conspiracy* then you will acquit the Defendant and say by your verdict, not guilty. [Emphasis added.]

Appellant contends the emphasized language improperly shifted the burden of proof to him to prove he should not have anticipated the murder.

■ Upon a timely request, an instruction on the theory of independent impulse may be submitted to the jury if the evidence raises a question of whether the offense actually committed was perpetrated in the furtherance of another felony, or was one which should have been anticipated by the accused. *Mayfield v. State*, 716 S.W.2d 509, 515 (Tex.Crim.App.1986).

In paragraph 8 of the charge the jury was instructed that it could convict appellant only if the offense of murder "should have been anticipated as a result of the attempted carrying out of the conspiracy." If the jury had any doubt that appellant should have anticipated the murder, then they were instructed to find appellant not guilty. The same language was used in paragraph 7 which defined the term "conspiracy." However, paragraph 9 pertaining to the independent impulse theory used the converse language of the previous paragraphs, i.e., "Givens should not have anticipated the murder."

■ A charge pertaining to independent impulse is an affirmative charge allowing a jury to acquit the defendant should the jury find, or have a reasonable doubt whether the defendant did not and

reasonably could not have anticipated commission of the actual offense. *Mayfield*, 716 S.W.2d at 515–16. Appellant cites no authority to support his contention of the incorrect wording of the charge, nor do we find any such authority. *Compare Skidmore v. State*, 530 S.W.2d 316, 318 (Tex. Crim.App.1975). Nevertheless, we find any error, if any, pertaining to the independent impulse portion of the charge to be harmless.

Insofar as appellant did object to the charge at trial, reversal is required if the error is "calculated to injure the rights of defendant" which means there must be some harm to the accused from the error. *See Almanza v. State*, 686 S.W.2d 157, 171 (Tex.Crim.App.1984) (opinion on reh'g). The actual degree of harm must be assayed in light of the entire jury charge, the state of the evidence including the contested issues and weight of probative evidence, the argument of counsel and any other relevant information revealed by the record of the trial as a whole. *Id.* at 172–74.

Appellant could not have been convicted based solely on the challenged portion of the charge. Further, when the charge is read as a whole the preceding paragraphs firmly established that appellant could be found guilty of murder under the law of conspiracy only if appellant should have anticipated the offense as a result of the carrying out of the conspiracy. We find the issue of independent impulse was adequately addressed in the court's charge as a whole. Points of error ten, eleven, and twelve are overruled.

The judgment of the trial court is affirmed.