Nos. 04-96-00963-CR & 04-96-00964-CR



Jimmy Brian ARSOLA,


Appellant



v.



The STATE of Texas,


Appellee



On Appeal from the 290th Judicial District Court, Bexar County, Texas


Trial Court No. 96-CR-1530 & 96-CR-1531


Honorable Sharon MacRae, Judge Presiding



Opinion by: Sarah B. Duncan, Justice


Sitting: Tom Rickhoff, Justice

 Alma L. López, Justice

 Sarah B. Duncan, Justice


Delivered and Filed: August 26, 1998


AFFIRMED


 Jimmy Brian Arsola was convicted of two counts of aggravated assault with a deadly weapon
and sentenced to twenty years confinement in the Texas Department of Criminal Justice -
Institutional Division. Arsola appeals, contending the trial court erred in refusing to compel the State
to provide him with copies of two witness statements. We disagree and affirm.

Factual and Procedural Background


 On October 7, 1995, sixteen-year-old Nicole Mora and her twin brother, Daniel, were at the
home they shared with their parents, siblings, and two other teenagers, Erica Jenkins and Christine
Grunewald. Visiting that evening were two other friends, Mike Raslawsky and Chris Montero.
Raslawsky was upset because Christopher Shaver and a friend had beaten Montero earlier in the day.

 After Mr. and Mrs. Mora went to bed around 10:00 p.m., an intoxicated Raslawsky called
and spoke with Christopher Shaver and his step-sister, Allison Taylor. At Raslawsky's urging to
"come on over" and "take care of this," Shaver rang the doorbell at the Moras' front door
approximately one-half hour later. Shaver was accompanied by Allison's boyfriend, Jimmy Brian
Arsola. Initially, Nicole and Erika answered the door. As the confrontation escalated, the two girls
were joined by Christine and Daniel. Ultimately, Arsola fired two shots, hitting Nicole in the
shoulder and Daniel in the chest.

 Arsola was charged with two counts of aggravated assault with a deadly weapon. The jury
found him guilty on both counts, and he was sentenced to twenty years confinement in the Texas
Department of Criminal Justice - Institutional Division. Arsola timely appealed.

Brady


 Arsola concedes his attorney inspected the State's file and reviewed Mr. Mora's and
Christine Grunewald's written statements, which allegedly include hearsay statements by Chris
Montero and Nicole Mora that Shaver was the shooter.(1) In his first point of error, however, Arsola
argues the trial court erred in failing to compel the State to provided him with copies of these
statements to use for impeachment purposes and as substantive evidence. We disagree.

 "Under Brady v. Maryland, a prosecutor has an affirmative duty to turn over material,
exculpatory evidence." Ex parte Kimes, 872 S.W.2d 700, 702 (Tex. Crim. App. 1993) (citing Brady

v. Maryland, 373 U.S. 83 (1963)). "Exculpatory evidence" within the reach of Brady includes
evidence that may only be used for impeachment purposes. Kimes, 872 S.W.2d at 702 (citing United
States v. Bagley, 473 U.S. 667, 676 (1985)). However, "evidence is 'material' under Brady, and the
failure to disclose it justifies setting aside a conviction, only where there exists a 'reasonable
probability' that had the evidence been disclosed the result at trial would have been different." Wood
v. Bartholomew, 516 U.S. 1, 5 (1995) (per curiam). As a general rule, therefore, the State is not
required to disclose inadmissible evidence. See id.; Lagrone v. State, 942 S.W.2d 602, 615 (Tex.
Crim. App.), cert. denied, 118 S. Ct. 305 (1997). A prosecutor fulfills his Brady duty by "open[ing]
his files for examination by defense counsel." Givens v. State, 749 S.W.2d 954, 957 (Tex.
App.--Fort Worth 1988, pet. ref'd) (citing Diaz v. State, 722 S.W.2d 482, 490 (Tex. App.--San
Antonio 1986), vacated and remanded on other grounds, 761 S.W.2d 1 (Tex. Crim. App. 1988) (per
curiam)).

 We review a trial court's ruling on whether evidence is within the reach of Brady "in light
of the entire record," Lagrone, 942 S.W.2d at 615, under an abuse of discretion standard. Dixon v.
State, 923 S.W.2d 161, 167 (Tex. App.--Fort Worth), vacated and remanded on other grounds, 928
S.W.2d 564 (Tex. Crim. App. 1996) (per curiam). Under the abuse of discretion standard, we view
the evidence in the light most favorable to the trial court's ruling, affording almost total deference
to findings of historical fact that are supported by the record. Loserth v. State, 963 S.W.2d 770, 772-74 (Tex. Crim. App. 1998); Guzman v. State, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). However,
when the resolution of the factual issue does not turn upon an evaluation of credibility or demeanor,
we review the trial court's determination of the applicable law, as well as its application of the
appropriate law to the facts it has found, de novo. Id.; see Ornelas v. United States, 517 U.S. 690,
697-700 (1996) (de novo review of trial court's determination of reasonable suspicion).

 The State fulfilled its Brady duty in this case by opening its files for Arsola's attorney's
inspection. Givens, 749 S.W.2d at 957. And even if this disclosure did not suffice, there is no
"'reasonable probability'" that "the result at trial would have been different" had the State provided
Arsola with copies of the two statements. Wood v. Bartholomew, 516 U.S. at 5. The hearsay within
hearsay was clearly inadmissible to impeach Mr. Mora and Christine Grunewald because they did
not testify;(2) nor was it admissible to impeach Chris Montero and Nicole Mora because, although they
denied making the statements, the statements were not their own. See Kimes, 872 S.W.2d at 704
(offense reports and witness statements naming a third party inadmissible to impeach third party);
see Tex. R. Evid. 613. Nor has Arsola made any showing the statements were admissible as
substantive evidence. See Tex. R. Evid. 805 (each part of hearsay within hearsay must conform to
a hearsay exception). Montero, for instance, did not witness the shooting; therefore, any statement
he might have made as to the identity of the shooter would not be admissible as substantive
evidence. See Tex. R. Evid. 602 (witness may only testify to matters of which he has personal
knowledge).

 Under these circumstances, Arsola has not shown Brady error; to the contrary, he has made
substantially less of a showing than was made in Curry v. State, 910 S.W.2d 490 (Tex. Crim. App.
1995), in which the court held the trial court did not err in finding the State's disclosure of a third
party's confession would not have changed the outcome of the proceeding. Id. at 495. For the same
reason, Arsola has made no showing that his attorney's failure to obtain copies of the statements
constituted ineffective assistance of counsel under Strickland v. Washington, 466 U.S. 668, 695
(1984). We therefore overrule his first point of error.

Photographs


 In his second point of error, Arsola argues the trial court erred in admitting five photographs
of the front of the Moras' house because the lighting in the photographs differed from the lighting
at the time of the assault. We disagree.

 The trial court's admission of photographs into evidence is governed by an abuse of
discretion standard of review. McGee v. State, 774 S.W.2d 229, 241 (Tex. Crim. App. 1989), cert.
denied, 494 U.S. 1060 (1990). An abuse of discretion does not occur if "discrepancies between the
picture and the subject at its relevant time" are "properly pointed out ...." Johnson v. State, 583
S.W.2d 399, 404 (Tex. Crim. App. 1979). The record establishes Arsola cross-examined Nicole
Mora as to the lighting in the photographs and the lighting at the time of the assault. We therefore
overrule his second point of error.

Jury Argument


 In his third point of error, Arsola argues the trial court erred by permitting the State to urge
the jury to "put themselves in the victim's place." The record does not support Arsola's assertion;
it instead reflects a proper plea for law enforcement. See, e.g., DeBolt v. State, 604 S.W.2d 164, 169-70 (Tex. Crim. App. 1980); Nichols v. State, 504 S.W.2d 462, 465 (Tex. Crim. App. 1974). We
therefore overrule Arsola's third point of error and affirm the judgment.


 Sarah B. Duncan, Justice

Do not publish


1. Neither statement is contained in the appellate record, and the record in the trial court is at best confusing as
to the content of the statements See Tex. R. App. P. 33.2 (requiring a bill of exceptions to preserve error when the
evidence is not otherwise a part of the record).
2. The record does not establish Arsola made any effort to subpoena Mr. Mora or Christine Grunewald.




Return to
4th Court of Appeals Opinions