COURT OF APPEALS









COURT
OF APPEALS

EIGHTH
DISTRICT OF TEXAS

EL
PASO, TEXAS

 

                                                                              )

                                                                              )              
No.  08-04-00328-CR

                                                                              )

                                                                              )                    Appeal from the

                                                                              )

EX PARTE: ROBERT GONZALEZ                     )                 205th District
Court

                                                                              )

                                                                              )           
of El Paso County, Texas

                                                                              )

                                                                              )               
(TC# 20040D0095)

                                                                              )

 

 

O
P I N I O N

 

In two issues,
Appellant appeals from the trial court=s
denial of his writ of habeas corpus. We affirm.








Appellant was
charged with three counts of aggravated sexual assault of a child.  The cause was tried to a jury.  After the jury began deliberating, counsel
for Appellant received certain Child Protective Services (CPS) records which he
had earlier subpoenaed.  After reviewing
the records in camera, the trial court granted Appellant=s motion for a mistrial because of the
State=s failure
to produce the CPS report during discovery. 
The Appellant then filed a pretrial habeas corpus application, alleging
a retrial would violate his Federal and State constitutional rights against
double jeopardy.  The trial court stated
at the writ hearing that Aby
granting the mistrial, it did not in any way make a finding that the
prosecutors had, in fact, shown any misconduct, prosecutorial misconduct.@ 
After hearing argument from both defense counsel and the State, the
trial court denied Appellant=s
pretrial application for writ of habeas corpus.

The burden of
proof is on the applicant for a writ of habeas corpus.  He or she must present evidence that shows by
a preponderance of the evidence that he or she is entitled to relief. Ex
parte Peterson, 117 S.W.3d 804, 818 (Tex.Crim.App. 2003).  In reviewing the trial court=s decision, appellate courts review the
facts in the light most favorable to the trial judge=s
ruling and should uphold it absent an abuse of discretion.  Id. at 819.  Reviewing courts, including this Court,
should A>afford almost total deference to a
trial court=s
determination of the historical facts that the record supports especially when
the trial court=s fact
findings are based on an evaluation of credibility and demeanor.=@  Id. 
We also afford that same level of deference to a trial court=s ruling on A>application of law to fact
questions,= also
known as >mixed
questions of law and fact,=
if the resolution of those ultimate questions turns on an evaluation of
credibility and demeanor.@  Id. 
But appellate courts review de novo those A>mixed questions of law and fact=@
that do not depend upon credibility and demeanor.  Id.

Issues One and Two
are essentially the same claim, and we will address them together.  Ex parte Peterson, 117 S.W.3d at
810.  Double jeopardy principles do not
forbid multiple trials of a single criminal charge if the first trial resulted
in a mistrial that:  (1) was justified
under the manifest necessity doctrine; or (2) was requested or consented to by
the defense, absent prosecutorial misconduct which forced the mistrial.  Id. at 810‑11.  A mistrial which the defense freely chooses
does not bar retrial.  Id. at
811.  However, a mistrial that the
defense is compelled to request because of manifestly improper prosecutorial
conduct may bar retrial.  Id.








Retrial is only
bared under the Texas double jeopardy provision when the defendant is required
to move for a mistrial because the prosecutor deliberately or recklessly
crossed the line between legitimate adversarial gamesmanship and manifestly
improper methods that rendered trial before the jury unfair to such a degree
that no judicial admonishment could have cured it.  Ex parte Peterson, 117 S.W.3d at 816, citing
State v. Lee, 15 S.W.3d 921, 923 (Tex.Crim.App. 2000).  In analyzing a double jeopardy mistrial
claim, we engage in the following three‑part analysis:

(1)        Did manifestly improper prosecutorial
misconduct provoke the mistrial? 

 

(2)        Was the mistrial required because the
prejudice produced from that misconduct could not be cured by an instruction to
disregard? 

 

(3)        Did the prosecutor engage in that
conduct with the intent to goad the defendant into requesting a mistrial or
with conscious disregard for a substantial risk that the trial court would be
required to declare a mistrial?

 

Id. at 816‑18.

 

Under the first
part of the test, prosecutorial misconduct reasonably reaches only that conduct
which is qualitatively more serious than simple error and connotes an
intentional flouting of known rules or laws. 
Id. at 816 n.55.  If the
prosecutor=s
conduct, viewed objectively, was not Amanifestly
improper,@ then the
double jeopardy inquiry ends at this first stage.  Id. 
If, for example, the law itself is unsettled or the application of the
law in the particular situation is debatable, the prosecutor=s conduct cannot be said to be
manifestly improper.  Id.








Under the Due
Process Clause of the Fourteenth Amendment, a prosecutor has an affirmative
duty to turn over material, exculpatory evidence.  Brady v. Maryland, 373 U.S. 83, 86, 83
S.Ct. 1194, 1196, 10 L.Ed.2d 215 (1963); Ex parte Kimes, 872 S.W.2d 700,
702 (Tex.Crim.App. 1993).  Impeachment
evidence is included within the scope of the term Aexculpatory
evidence.@  United States v. Bagley, 473 U.S. 667,
676, 105 S.Ct. 3375, 3380, 87 L.Ed.2d 481 (1985).  A due process violation occurs if a
prosecutor (1) fails to disclose evidence, (2) favorable to the accused, (3)
which creates a reasonable probability of a different outcome.  Wyatt v. State, 23 S.W.3d 18, 27
(Tex.Crim.App. 2000).

The rule of Brady
v. Maryland applies only to information known to the prosecution, but
unknown to the defense.  United States
v. Agurs, 427 U.S. 97, 103, 96 S.Ct. 2392, 2397, 49 L.Ed.2d 342 (1976); Jackson
v. State, 552 S.W.2d 798, 804 (Tex.Crim.App. 1976)(holding that the
prosecutor did not violate his duty to disclose favorable information when the
evidence was already available to the defense). 
The State does not have a duty to seek out evidence for the defendant=s use. 
Palmer v. State, 902 S.W.2d 561, 563 (Tex.App.‑-Houston
[1st Dist.] 1995, no pet.).  If the
prosecutor opens his files for examination by defense counsel, he fulfills his
duty to disclose exculpatory evidence.  See
Todd v. State, 911 S.W.2d 807, 818 (Tex.App.‑‑El Paso 1995, no
pet.), citing Givens v. State, 749 S.W.2d 954, 957 (Tex.App.‑-Fort
Worth 1988, pet. ref=d).








Based on the very
limited record we have before us, it is clear that the State had knowledge of
the on-going CPS investigation of Appellant for sexual assault of a child.  It is also clear that while the State was not
in possession of any records from the CPS investigation, the fact that an
investigation by CPS was still on-going was noted in a police report contained
within the State=s
file.  Apparently, defense counsel was
also aware of the on-going CPS investigation and made repeated inquiries as to
whether or not the State had these records. 
According to the State, on three separate occasions, defense counsel
inquired about the CPS records and was informed that although the State did not
have them, Adefense
counsel could obtain them if he wanted to.@  Appellant, in his brief, also states that he
made Arepeated
requests for the evidence.@  In fact, there is some indication that
counsel for Appellant first became aware of those records some three to four
months prior to trial.  At the writ
hearing, counsel for Appellant made the following statement:

As [the prosecutor]
pointed out in his response . . . he knew that there had been a CPS
investigation in this case because it was in his police report.

A police report, yes,
I will concede that I was at liberty to read by visiting the district attorneys
office and exercising due diligence as a defense attorney.  I did that. 
Okay.

But whether or not
those records were readily available to me is not the issue.  It is whether or not he should have taken a
look at those records and then disclosed them once it was determined that there
was impeachment material in those records.

 

The record
demonstrates that the State made its file completely open to Appellant=s counsel pursuant to the Aopen file policy@
of the District Attorney=s
Office.  In that file, it was clearly
noted that CPS was still investigating the matter.  By this fact alone, the State fulfilled its
duty of disclosure.  See Todd, 911
S.W.2d at 818.  At the writ hearing,
counsel for Appellant argued that not only did the State have a duty to
disclose information, it also had a duty to seek it out, read and/or examine
the evidence, and then based on its evaluation, inform defense counsel if the
State felt it was something A[the
defense] should have known about before trial.@  Appellant raises essentially the same
argument on appeal.  We disagree with
Appellant.  When a defendant is aware of
possible evidence, the State is under no such duty.  See U. S. v. Agurs, 427 U.S. at 103,
96 S.Ct. at 2392; Ex parte Russell, 738 S.W.2d 644, 646 (Tex.Crim.App.
1986).








Appellant also
attempts to argue that the records were not available to him because they were
confidential and Anot
subject to disclosure via a Public Information Act request.@ [Emphasis in original].  However, this argument must also fail.  The Texas Family Code provides a mechanism
for disclosure on proper motion of the parties. 
See Tex.Fam.Code Ann.
' 261.201(b)(Vernon Supp.
2005).  Further, Appellant apparently
utilized this procedure in eventually retrieving the records from CPS.  Thus, we find this argument to be without
merit.

We find, based on the record before
us, that the prosecutor=s
conduct, viewed objectively, was not Amanifestly
improper.@  Because Appellant fails to meet the first
prong of the three-part analysis as set forth in Peterson, his argument
fails and our analysis stops here. 
Accordingly, we find that Appellant has not met his burden to show that
the trial court abused its discretion in not granting his writ of habeas
corpus.  Therefore, we overrule Issues
One and Two.

Having overruled
Issues One and Two on review, we affirm the order of the trial court.

 

 

February
9, 2006

DAVID WELLINGTON
CHEW, Justice

 

Before Barajas, C.J., McClure, and Chew, JJ.

 

(Do Not Publish)