NO. 07-07-0257-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

APRIL 17, 2009
_____

MIKE CANALES, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 137TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2006-412400; HONORABLE CECIL G. PURYEAR, JUDGE
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**MEMORANDUM OPINION**

Appellant Mike Canales appeals from his conviction for sexual assault of a child and the resulting sentence of ten years of confinement in the Institutional Division of the Texas Department of Criminal Justice. By three issues, appellant contends his constitutional rights were violated when the State failed to produce exculpatory evidence and the trial court abused its discretion and violated his constitutional rights when it excluded the testimony of a psychologist. We affirm.

Background

Although appellant does not challenge the sufficiency of the evidence supporting his conviction, some factual recitation is necessary to an understanding of his appeal. By an April 2006 indictment, the State alleged that, on or about February 18, 2006, appellant caused his penis to penetrate the female sexual organ of [K.C.], a child younger than 17 years of age, and not his spouse.[1] Following appellant's plea of not guilty, the case was tried to a jury.

Evidence showed that, on several days during February 2006, appellant, then 43, engaged in sexual intercourse with K.C., a 16 year-old girl. They also engaged in the use of methamphetamine together. Those facts were not disputed. Nor was it disputed that appellant, during the time K.C. was with him, provided methamphetamine to K.C. and sold it to others. Appellant's disputes with K.C.'s version of the facts center on her testimony that on February 18, the two argued over some missing methamphetamine. She testified appellant forcibly pulled her out of the shower in the Lubbock motel room in which they were staying,[2] took her into the bedroom where two other men were present, and took off her clothes. These two men pulled her legs apart and held K.C. down while appellant "sat" on her chest and held her arms down. He then forcefully engaged in vaginal intercourse with her. K.C. further testified she was hurt during this encounter.

_____

[1] *See* Tex. Penal Code Ann. § 22.011 (Vernon 2003).

[2] Different versions of the events of that day were produced at trial. A Lubbock police officer testified that K.C. told him that after she and appellant argued about the methamphetamine, she stayed in the room while appellant went to the bathroom. When appellant came out, he grabbed K.C. and threw her on the bed.

2

The State's evidence also included appellant's written statement to Lubbock police, in which he admitted he had sexual intercourse with a willing K.C. Appellant testified at the punishment phase of trial, confessed to having sex with K.C. and acknowledged he was guilty of sexual assault because she was under the age of 17 and not his spouse.[3] Appellant maintained, however, that he did not use force against K.C. and that she lied about the events of February 18. He testified, and a former girlfriend testified, that he was not with K.C. at that particular time but was with the girlfriend.

The jury found appellant guilty of sexual assault of a child and sentenced him to ten years of imprisonment and a $5,000 fine. Appellant filed a motion for new trial that was denied. This appeal followed.

Issues

Each of appellant's three issues concerns the punishment phase of his trial. Appellant was eligible for community supervision. His contention on appeal is that his sentence would have been lighter, and the jury might well have recommended community supervision, if he had been able to make use of exculpatory evidence before the jury.

---

[3] Appellant testified K.C. told him she was 20 and he believed her. Mistake of fact regarding a complainant's age is not a defense to sexual assault of a child. *Jackson v. State,* 889 S.W.2d 615 (Tex.App.–Houston [14th Dist.] 1994, pet. ref'd).

Analysis

Testimony Excluded By the Trial Court

We begin with appellant's second and third issues, by which he complains of the trial court's ruling disallowing the punishment-phase testimony of Dr. William Hoke, a psychologist who examined K.C. for Child Protective Services.[4] In his second issue, he argues the trial court abused its discretion by denying his proffer of Hoke's testimony and by his third issue, contends the trial court's exclusion of the same testimony violated his right to confrontation of witnesses under the Sixth Amendment to the United States Constitution.

*Second Issue--Exclusion of Dr. Hoke's Testimony*

Hoke testified outside the presence of the jury to his interviews of K.C. and her mother, and to the results of the psychological tests he administered to K.C. The report he prepared for CPS was admitted for the purpose of his voir dire testimony. Hoke testified that his assessment indicated K.C. exhibited disorders including depressive disorder, anxiety disorder and oppositional defiant disorder ("ODD"); and exhibited amphetamine dependence and adolescent antisocial behavior. He diagnosed her also as suffering from sexual and physical abuse, and reading and mathematics disorders. Appellant's counsel questioned Hoke about ODD. Hoke explained the disorder is characterized by oppositionality, rebelliousness and defiance. He said its symptoms often include "lying,

---

[4] The Child Protective Services Division ("CPS") of the Texas Department of Family and Protective Services ("DFPS").

stealing, conduct difficulties, problems at school, being belligerent, acting out, talking back [and disrespect] of authority." Asked how he would expect the symptom of lying to "play out," he said an individual with ODD has a very difficult time accepting responsibility for her behavior and may lie to get out of perceived trouble. He concluded by agreeing that he was not saying K.C. lied on the witness stand but that such behavior is consistent with the diagnosis. On cross-examination, he agreed with the prosecutor that he was speculating as to what K.C. would do in a specific situation. The trial court did not allow Hoke to testify before the jury.

The trial court has broad discretion to determine the admissibility of evidence and its ruling should not be reversed on appeal absent a clear abuse of discretion. *Montgomery v. State,* 810 S.W.2d 372, 380 (Tex.Crim.App. 1990) (op. on reh'g); *Richards v. State,* 932 S.W.3d 213, 215 (Tex.App.–El Paso 1996, pet. ref'd). *See also Willover v. State*, 70 S.W.3d 841,845 (Tex.Crim.App. 2002) (we must uphold the trial court's ruling if it was correct under any applicable theory of law). Unlike the guilt-innocence phase of trial, "the question at punishment is not whether the defendant has committed a crime, but instead, what sentence should be assessed." *Ellison v. State,* 201 S.W.3d 714, 718 (Tex.Crim.App. 2006). Article 37.07 of the Code of Criminal Procedure permits evidence of "any matter the court deems relevant to sentencing." Tex. Code Crim. Proc. Ann. art. 37.07, § 3(a)(1) (Vernon 2007). Relevancy in the punishment phase is "a question of what is helpful to the jury in determining the appropriate sentence for a particular defendant in a particular case." Tex. R. Evid. 401; *Ellison,* 201 S.W.3d at 718, *citing Rogers v. State,* 991 S.W.2d 263, 265 (Tex.Crim.App. 1999). Thus, the admissibility of evidence during

5

"the punishment phase of a non-capital trial is a function of policy rather than a question of logical relevance." *Ellison,* 201 S.W.3d at 719. Nonetheless, a trial judge must operate within the bounds of Texas Rules of Evidence 401, 402 and 403. *Id.* at 722.

We find the trial court's exclusion of Hoke's testimony well within its discretion. Hoke's evaluation and report of K.C. simply listed the textbook symptoms associated with the conditions he diagnosed. ODD was one of several debilitating conditions he diagnosed in K.C. and a tendency to lie was only one of many characteristics associated with the disorder. Even if we accept appellant's contention that K.C.'s credibility was a central factor in the jury's understanding of the circumstances of his offense, we find Hoke's evaluation and report hold little probative value with respect to the truthfulness of her version of the circumstances. We see no abuse of discretion in the trial court's conclusion that his testimony would not be helpful to the jury in its determination of an appropriate sentence.

On appeal, appellant also emphasizes a statement in Hoke's report that K.C. told him a former boyfriend "got her 'hooked'" on methamphetamine after putting it in her food and drinks. Appellant points out K.C. made the same allegation against him in her direct testimony. He argues the chances two men laced her food and drink with the drug are sufficiently slim that the jury would have recognized K.C.'s testimony as untrue if they had known of her statement to Hoke. *See Fox v. State,* 115 S.W.3d 550 (Tex.App.–Houston [1st Dist.] 2002, pet. ref'd) (addressing the doctrine of chances). The record indicates appellant's contention here was not brought to the attention of the trial court. We therefore

will not address it.  Tex. R. App. P. 33.1; *Wilson v. State,* 71 S.W.3d 346, 349 (an appellant's contention on appeal must comport with the specific objection made at trial).

We overrule appellant's second issue.

*Third Issue–Confrontation Clause*

In appellant's third issue, he contends exclusion of Hoke's testimony violated his right of confrontation under the Sixth Amendment to the United States Constitution.[5]

We are unable to see a Confrontation Clause violation in this circumstance.[6]  U.S. Const. amend VI.  *See generally Crawford v. Washington,* 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004).  Appellant relies primarily on *Davis v. Alaska,* 415 U.S. 308, 309, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974)  and *Thomas v. State*, 669 S.W.2d 420, 421 (Tex.App.–Houston [1st Dist.] 1984, pet. ref'd)*.*  Both those cases involved limitations placed on cross-examination of prosecution witnesses.  *Davis,* 415 U.S. at 309; *Thomas,* 669 S.W.2d at 421.  That is not the situation here.  Appellant acknowledges that, for

---

[5] Appellant's issue also mentions Article I, Section 10 of the Texas Constitution, but he did not set forth this as a basis of his complaint to the trial court.  Tex. R. App. P. 33.1. Further, on appeal, he cites no authority that the Texas Constitution offers any greater or different protection than the United States Constitution on this point.  We therefore will not address the Texas constitutional claims separately.  *Black v. State,* 26 S.W.3d 895, 896 n.4 (Tex.Crim.App. 2000); *Muniz v. State,* 851 S.W.2d 238, 251-52 (Tex.Crim.App. 1993).

[6] Appellant's argument in support of this third issue also includes a reference to a statement written by K.C. in January 2007, concerning accusations against her father. That statement was not offered into evidence, so we do not address it.

7

tactical reasons, he chose not to cross-examine K.C.[7]  We agree with the State that nothing in the trial court's ruling excluding Hoke's testimony precluded or impeded appellant's ability to recall K.C. for cross-examination.  Appellant's third issue is overruled.

*Brady* Material

*Issue One–Brady Violation*

In his first issue, appellant argues his Fourteenth Amendment right to a fair trial was violated when the State failed to produce Hoke's report and other exculpatory evidence in violation of the rule announced in *Brady v. Maryland.*[8]  CPS became involved with K.C. after the events of February 2006.  Trial testimony indicates that DFPS filed a conservatorship proceeding concerning K.C. in another Lubbock County court. During appellant's trial, his counsel became aware that the documents he had been provided through the open-file policy of the Lubbock County District Attorney's office did not include several documents from the CPS file held by the Department.  Most significantly, the documents provided did not include Hoke's report.[9]  The State presents several

---

[7] In argument at the close of the guilt-innocence phase of trial, appellant's counsel told the jury he "took a calculated risk" and "let [K.C.] go" because he "didn't sign on to beat up on teenage girls."  He further stated it was not necessary to do so because "if you listened carefully, [the record] is abundant with inconsistencies, with statements that simply don't jive."

[8] 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).

[9] Contained within the complete CPS file was a letter authored by K.C. containing possible recantations of previous sexual assault allegations against her father; a memorandum from a CPS caseworker describing K.C. as a compulsive liar and a manipulative individual; and two evaluations of K.C., one of which was Hoke's report.

8

contentions in response. It contends appellant did not preserve his *Brady* complaint; the information was not material; appellant had the information in time to make use of it at trial and did not request a continuance; the information was not subject to *Brady* because its existence was not known to the prosecution and because CPS was not a part of the "prosecution team;" and that it was not subject to *Brady* also because it was not admissible. We address only one of the State's contentions.[10] The record shows the information came to appellant's attention during trial, and we agree he had the information in time to make use of it.

When the prosecution withholds evidence favorable to the defendant, due process is violated when the evidence is material either to guilt or punishment. *Wyatt v. State,* 23 S.W.3d 18, 27 (Tex.Crim.App. 2000); *Olivarez v. State,* 171 S.W.3d 283, 290 (Tex.App.–Houston [14th Dist.] 2005, no pet.), *citing Brady,* 373 U.S. at 87. An alleged *Brady* violation is analyzed in light of all the other evidence adduced at trial. *Hampton v. State,* 86 S.W.3d 603, 612-13 (Tex.Crim.App. 2002). The State's duty to reveal *Brady* material attaches when the information comes into its possession, not when it is requested. *Thomas v. State,* 841 S.W.2d 399, 407 (Tex.Crim.App. 1992). To establish reversible error, a defendant must show that (1) the State failed to disclose evidence, regardless of the prosecution's good or bad faith; (2) the withheld evidence is favorable to him; and (3) the evidence is material. *Hampton,* 86 S.W.3d at 612. Evidence is "material" if there is a

---

[10] We express no opinion on the State's other contentions. However we do note our disagreement with appellant's argument that the failure of the State to disclose Hoke's report prior to trial allowed the prosecution to present to the jury, unchallenged, K.C.'s version of the February 18 events. By the conclusion of the punishment-phase evidence, both K.C. and appellant had given the jury their versions of those events.

reasonable probability that had the evidence been disclosed to the defense the result of the proceeding would have been different. *Id*.; *Michaelwicz v. State,* 186 S.W.3d 601, 613 (Tex.App.–Austin 2006, pet. ref'd), *citing United States v. Bagley,* 476 U.S. 667, 676, 105 S.Ct. 3375, 87 L.Ed.2d 481 (1985). A "reasonable probability" is a probability sufficient to undermine the confidence in the outcome of the trial. *Id.* Incorporated in the third "materiality" prong is a requirement that the defendant must be prejudiced by the State's failure to disclose the favorable evidence. *Harm v. State,* 183 S.W.3d 403, 406 (Tex.Crim.App. 2006).

Here, the record indicates a CPS caseworker appeared at the beginning of the third day of trial testimony, in response to appellant's subpoena. Appellant was then putting his case-in-chief during the guilt-innocence phase before the jury. During testimony outside the presence of the jury, the caseworker described the findings contained in Hoke's report. The affidavit of appellant's counsel that accompanied his motion for new trial indicates also that counsel reviewed the CPS file with the caseworker prior to her testimony. Hoke appeared at trial later the same day with his report, also in response to appellant's subpoena, and also testified outside the presence of the jury.[11] Although the trial court did not permit Hoke to testify before the jury, appellant had the evidence of Hoke's diagnosis of K.C. and the contents of his report in time for him to make effective use of it at the trial's punishment phase. *Little v. State,* 991 S.W.2d 864, 866 (Tex.Crim.App. 1999) (prejudice is not shown when the information is disclosed to the defendant in time for him to make effective use of it at trial). Appellant contends he would have made a different decision to cross-examine

---

[11] By this time, the trial was in the punishment phase.

K.C. if Hoke's report had been provided earlier. But, as we have noted, we see nothing that would have precluded appellant from recalling K.C. after he became aware of Hoke's report. *See Palmer v. State*, 902 S.W.2d 561, 565 (Tex.App.–Houston [1ˢᵗ Dist.] 1995, no pet.) (in a similar circumstance, finding *Brady* material came to light in time for defendant to make use of it at trial); *Givens v. State,* 749 S.W.2d 954, 957 (Tex.App.–Fort Worth 1988, pet. ref'd) (appellant discovered the statement early enough to make use of it at trial). If, after appellant reviewed Hoke's report or the other information, he needed more time to consider its impact, it was incumbent on him to request a continuance or recess in the proceedings. *See Davis v. State*, 992 S.W.2d 8, 12 (Tex.App.–Houston [1ˢᵗ Dist.] 1996, no pet.) (failed to show prejudice from untimely disclosure of evidence where defendant did not request a continuance to secure the presence of a witness he argued he would have subpoenaed if he had been provided the complained-of information sooner).

Finding appellant has not satisfied the materiality prong of a *Brady* complaint*,* we overrule his first issue. Having overruled each of appellant's issues, we affirm the judgment of the trial court.

James T. Campbell
Justice

Do not publish.

11